## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ENERGY & ENVIRONMENT LEGAL INSTITUTE** ) | |
| **722 12th Street NW, 4th Floor** ) | |
| **Washington, DC 20005** ) | |
| ) | |
| ) | |
| **FREE MARKET ENVIRONMENTAL** ) | |
| **LAW CLINIC** ) | |
| **9033 Brook Ford Road** ) | |
| **Burke, Virginia, 22015** ) | |
| ) | |
| **Plaintiffs,** ) | |
| **v.** ) | **Case No.** 15-798 |
| ) | |
| **UNITED STATES DEPARTMENT OF ENERGY** ) | |
| **1000 Independence Avenue, SW** ) | |
| **Washington, DC 20585** ) | |
| ) | |
| **Defendant.** ) | |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs ENERGY & ENVIRONMENT LEGAL INSTITUTE ("E&E Legal") and FREE

MARKET ENVIRONMENTAL LAW CLINIC ("FME Law") for their complaint against

Defendant UNITED STATES DEPARTMENT OF ENERGY ("DoE" or "the Agency"), allege as

follows:

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel

    production under a request for certain DoE records reflecting correspondence sent from four

    specific individuals working for DoE during a two-month period, and specified correspondence

    from named individuals copying a specific DoE employee during that same timeframe.

2.  Specifically, in a FOIA request dated April 30, 2015, plaintiffs submitted by email a request

    seeking all correspondence sent by DoE employees John Wimer and Eric Grol, and each of these

employees' administrative assistants, to DoE headquarters Office of the General Counsel or Office of Fossil Energy during the period November 1, 2014 through December 31, 2014. The request also sought any email correspondence sent by Messrs. Wimer or Grol, or their administrative assistants, which copied Ann Dunlap, another DoE employee during this same time period.

3. The request noted that the documents would illuminate how the agency had attempted to comply with a collective request sent by six Congressional full -or subcommittee chairs for information from the agency. The request further noted that there was substantial public interest in whether the agency had worked diligently to comply with the congressional request, and sought a fee waiver based on the public interest in this information and the non-profit FOIA requesters' intention to publicly disseminate the information.

4. Importantly, the same records are responsive to another request by the same non-profit groups, presently before this Court in another action involving the same parties, *Energy & Environment Legal Institute, et al. v. DoE* (15-234 (TSC)). DoE has interpreted that request in such a way as to declare that only 19 responsive records exist. Plaintiffs assert on information and belief that over 400 responsive records exist sent by from Messrs. Wimer and Grol, and their administrative assistants. It is this information and belief, and DoE's response in the former matter, which prompted the request at issue in the instant matter.

5. Pursuant to 5 U.S.C. § 552 (a)(6)(A) DoE had until May 29, 2015 to issue a substantive initial determination to the request at issue in this matter. Despite this statutory obligation to provide an estimated determination of potentially responsive documents and statutory exemptions the

agency may invoke, and plaintiffs' specific requests for same, defendant DoE has produced no responsive records and provided no substantive response to plaintiffs' request.

6. Defendant DoE's failure to respond within the statutory period constitutes denial of plaintiffs' request, without a proper legal basis.

7. As a result of this denial, pursuant to 5 U.S.C. §552(a)(4)(A)(v)&(viii) plaintiffs have no further administrative remedies to pursue, but instead have the right of judicial review, in the form of this lawsuit asking this Court to compel DoE to produce responsive records.

## PARTIES

7. Plaintiff Energy & Environment Legal Institute (E&E Legal) is a nonprofit research, public policy and public interest litigation center incorporated in Virginia and dedicated to advancing responsible regulation and in particular economically sustainable environmental policy. E&E Legal's programs include analysis, publication and a transparency initiative seeking public records relating to environmental and energy policy and how policymakers use public resources.

8. Plaintiff Free Market Environmental Law Clinic (FME Law) is a nonprofit research, public policy based, and public interest litigation center based in Virginia and dedicated to advancing responsible regulation and in particular economically sustainable environmental policy. FME Law's programs include research, publication and litigation and include a transparency initiative seeking public records relating to environmental and energy policy and how policymakers use public resources.

9. Defendant DoE is a federal agency headquartered in Washington, DC.

## JURISDICTION and VENUE

10. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this suit is brought in

the District of Columbia, and because plaintiffs both maintain offices in the District.

Furthermore, jurisdiction is proper under 28 U.S.C. § 1331, because the resolution of disputes

under FOIA presents a federal question.

11. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because

plaintiffs maintain offices in the District of Columbia, and defendant is an agency of the United

States.

## FACTUAL BACKGROUND

12. This lawsuit seeks to compel DoE to fully and properly respond to a FOIA request dated April

30, 2015, which sought certain specific records. The request sought:

> 1) all correspondence (including attachments) sent during the two-month period
> November 1, 2014 through December 31, 2014 to certain DoE HQ personnel (see bold
> language, below) from NETL Energy Analysis personnel
>    a) John Wimer,
>    b) and/or Eric Grol, and/or
>    c) Mr.Wimer's and/or Mr. Grol's administrative assistant during the time covered
>    by this request; and
>
> 2) any email correspondence (including attachments) sent from Messrs. Wimer and/or
> Grol, and/or their administrative assistants, which copy Ann Dunlap, NETL FOIA
> specialist.
>
> The identities of those whose records are being sought and the location of those records is
> clearly stated. There should be no confusion or lack of specificity as to what records are
> being sought, nor any difficult in gathering and producing these records. This request
> seeks compilations of emails pertaining to EPA's greenhouse gas new source performance
> standard for electricity generating units which compilations, on information and belief,
> we understand exist, created and forwarded to DoE HQ during the period in late 2014
> covered by this request. **As such, you may narrow the population of potentially
> responsive records to correspondence described, supra, with DoE HQ's Office of the
> General Counsel or Office of Fossil Energy.** We do not seek duplicate records that
> respond to both "1" and "2".

13. Requesters asked that DoE waive processing and copying fees pursuant to 5 U.S.C. §552(a)(4) (A)(iii), with the request being in the public interest, plaintiffs having no commercial interest in the material, and with substantial public interest in the requested information.

14. On May 15, 2015, DoE sent a letter to requesters which stated that DoE had granted the fee waiver which had been sought by requesters and noted that the request had been assigned FOIA number HQ-2015-01231-F.

15. At this time requesters have received no additional communication from DoE since the letter on May 15, 2015. DoE has not provided any documents responsive to the request, updates on when such documents will be provided, or otherwise satisfied its obligations under FOIA and *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180 (D.C. Cir. 2013).

## LEGAL ARGUMENTS
### Defendant DoE Owes and Has Failed to Provide Plaintiffs a Response

16. Under the Freedom of Information Act, after an individual submits a request, an agency must determine within 20 working days after the receipt of any such request whether to comply with such request. 5 U.S.C.S. § 552(a)(6)(A)(i). Under *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), that response must provide particularized assurance of the scope of potentially responsive records, including the scope of the records it plans to produce and the scope of documents that it plans to withhold under any FOIA exemptions.

17. U.S. Code 5 U.S.C.S. § 552(a)(6)(A) proclaims that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester

for information and toll the 20-day period while it is awaiting such information that it has

reasonably requested from the requester, § 552(a)(6)(A)(ii) (I), and agencies may also toll the

statutory time limit if necessary to clarify with the requester issues regarding fee assessment. §

552(a)(6)(A)(ii)(II). In either case, the agency's receipt of the requester's response to the

agency's request for information or clarification ends the tolling period. Regardless, neither

circumstance applies in the instant mater.

18. As the initial request was sent April 30, 2015, DoE owed a proper response and initial

determination by May 29, 2015.

19. The communications provided by DoE do not constitute a proper response to a FOIA request, as

they did not set forth how many responsive records exists, nor when requesters could expect to

begin receiving responsive documents. Further the most recent communication from any person

with DoE was May 15, 2015, and requesters have received no communication since.

20. This failure to issue a proper response within the statutory period constitutes a denial by DoE of

plaintiffs' request for records.

21. These records are of great public interest and their timely production is highly relevant to

ongoing public policy debates as well as related litigation presently before this Court.

22. DoE owned plaintiffs a substantive response on or before May 29, 2015, and DoE did not

provide such a substantive response, as defined by the *CREW* court, thus violating the statutory

time-limits within the FOIA statute.

23. Having already informed plaintiffs that the fee waiver was granted, and having violated the

statutory time-limits of FOIA, DoE must now process the request without charging fees, and

provide plaintiffs with records, subject to legitimate withholdings.

## CLAIMS FOR RELIEF
## FIRST CLAIM FOR RELIEF
### Declaratory Judgment

24. Plaintiffs re-allege paragraphs 1-23 as if fully set out herein.

25. Plaintiffs have properly sought and been constructively denied responsive records reflecting the conduct of official business, as DoE has failed to provide either responsive records or a substantive response to the FOIA request at issue in this case.

26. Plaintiffs have a statutory right to the information they seek, without being assessed fees.

27. Plaintiffs ask this Court to enter a judgment declaring that:

   i.   Defendant failed to provide a proper response to plaintiffs' request for records HQ-2015-01231-F, and has thereby statutorily waived fees;

   ii.  DoE records as described in plaintiffs' request HQ-2015-01231-F are public records subject to release under FOIA;

   iii. DoE's refusal to produce the requested records is unlawful.

   iv.  DoE shall produce in a timely fashion all records in its possession responsive to plaintiffs' FOIA request, without fees, subject to legitimate withholdings.

### SECOND CLAIM FOR RELIEF
### Injunctive Relief

28. Plaintiffs re-allege paragraphs 1-27 as if fully set out herein.

29. Plaintiffs are entitled to injunctive relief compelling DOE to produce all records in its possession responsive to plaintiffs' FOIA request, without fees, subject to legitimate withholdings.

30. Plaintiffs ask this Court to order DoE to produce to plaintiffs, within 10 business days of the date of the order, the requested records described in plaintiffs' FOIA request, and any attachments

7

thereto, subject to legitimate withholdings, and consistent with DoE's grant of plaintiffs' fee waiver.

31. Plaintiffs ask the Court to order the parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiffs receive the last of the produced documents, addressing DoE's withholdings and Vaughn log and a briefing schedule for resolution of remaining issues associated with plaintiffs' challenges to defendant's withholdings, if any, and any other remaining issues.

### THIRD CLAIM FOR RELIEF
### Seeking Costs and Fees

32. Plaintiffs re-allege paragraphs 1-31 as if fully set out herein.

33. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

34. Plaintiffs are statutorily entitled to recover fees and costs incurred as a result of DoE's refusal to fulfill the FOIA request at issue in this case.

35. Plaintiffs ask the Court to order DoE to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

Respectfully submitted this 1st day of June, 2015,

_____/s/_____
Chaim Mandelbaum
D.D.C.  Bar No. VA86199
726 N. Nelson St, Suite 9
Arlington, VA 22203
(703) 577-9973
Chaim12@gmail.com

_____/s/_____
Christopher C. Horner
D.C. Bar No. 440107
1489 Kinross Lane
Keswick, VA 22947
(202) 262-4458
CHornerLaw@aol.com

_____/s/_____
Matthew D Hardin
D.D.C. Bar No. VA87482
314 West Grace St., Ste. 304
Richmond, VA 23220
(276) 312-9212
matthewdhardin@gmail.com

FREE MARKET ENVIRONMENTAL LAW CLINIC
ATTORNEYS FOR PLAINTIFFS